UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE GLAZING HEALTH AND WELFARE TRUST, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SHANNON CHAMBERS, in her official capacity as Nevada Labor Commissioner, <br><br> Defendant. | Case No. 2:15-CV-01754-KJD-VCF <br><br> **ORDER** |

Presently before the Court is Plaintiffs' Motion for Summary Judgment (#2). Defendant filed a response in opposition (#12) to which Plaintiffs replied (#13).

I. FACTS

Plaintiffs ("Trustees") are trustees of joint labor-management employee benefit trusts established by written declarations and agreements of trust authorized by the Labor Management Relations Act of 1947 ("LMRA" or "Taft-Hartley Act"), 29 U.S.C. §186(c)(5).  The Trustees are fiduciaries charged with the administration of the trusts which exist to acquire, hold and distribute monies intended to provide fringe benefits such as health and welfare, pension, and training benefits to members of the labor organizations who provide work for the employers.

At issue in this action is Nevada Revised Statute 608.150 ("the Statute") which makes prime, or original, contractors, vicariously liable for labor debts of subcontractors.  The Statute enables the Trustees to collect monies owed by original or subcontractors for benefits earned by members of the labor organizations when payment fails to be made by the original contractor or subcontractor who directly employed the worker.

On May 28, 2014 the Nevada Legislature passed Senate Bill 223 ("SB223") which was signed into law by the governor on June 4, 2015. Senate Bill 223 amended key statutes, particularly NRS 608.150. The plain text of SB223 explicitly purports to regulate the trusts, which are governed by the terms of the federal Employee Retirement Income Security Act of 1974 ("ERISA").  That text refers to the ERISA benefit trusts by various names and descriptions including: "Taft-Hartley trust", "health or welfare fund or any other plan for the benefit of employees in accordance with a collective bargaining agreement", "health or welfare fund or any other plan for the benefit of employees" and "express trust fund[s] to which any portion of the total compensation of a laborer, including without limitation, any fringe benefit, must be paid pursuant to an agreement with that laborer or the collective bargaining agreement of that laborer." Those descriptions refer, exclusively, to ERISA benefit trusts.

On or about September 11, 2015, believing SB223 to be pre-empted by ERISA, Plaintiffs filed the present action seeking a declaration that SB223 is pre-empted in its entirety by ERISA. Pursuant to the parties' agreement that the action is ripe for consideration immediately upon briefing of a motion for summary judgment, the Court held a hearing on October 9, 2015.

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at

323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy.  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

III. Analysis

    A. Pre-emption

"ERISA § 514(a) pre-empts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan' covered by the statute." Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 829 (1988)(quoting 29 U.S.C. § 1144(a)). "The pre-emption provision [of

§ 514(a)] . . . displace[s] all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." Metropolitan Life Ins. Co. v. Mass., 471 U.S. 724, 739 (1985), see also Mackey, 486 U.S. at 829-30.  "Legislative 'good intentions' do not save a state law within the broad pre-emptive scope of § 514(a)." Mackey, 486 U.S. at 830.

A law relates to an employee benefit plan if it has a connection with or reference to such a plan. See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). State laws which make "reference" to ERISA plans are laws that "relate to" those plans within the meaning of §514(a). Mackey, 486 U.S. at 829. "In fact, we have virtually taken it for granted that state laws which are 'specifically designed to affect employee benefit plans' are pre-empted under § 514(a)." Mackey, 486 U.S. at 829 (collecting cases).

It is clear, in this action, that SB223 crosses the line into pre-emptive legislative regulation by specifically designing to affect employee benefit plans. For example, Section 5 ¶ 1 of SB 223 expressly refers to "Taft-Hartley trust[s] . . . formed pursuant to 29 U.S.C. § 186(c)(5) . . . " which are by definition employee benefit trusts governed by ERISA. See NLRB v. Amax Coal Co., 453 U.S. 322, 328-34 (1981)(discussing ERISA governance of benefit trusts established under the Taft-Hartley Act); Hawkins v. Bennett, 704 F.2d 1157, 1159 n.1 (9th Cir. 1983).  Where the existence of ERISA plans is essential to the law's operation, that reference will result in pre-emption. See Greater Wash. Bd. of Trade, 506 U.S. 125, 129 (1992); Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140 (1990).

United Ass'n of Journeymen v. Grove, 105 F.Supp.2d 1129 (D. Nev. 2000) is instructive in illustrating the difference created by SB223. In Grove, the court, specifically addressing whether the pre-SB223 Statute was pre-empted, found that NRS § 608.150 neither referred to employee benefit plans nor was based on their existence. See Grove, 105 F.Supp.2d at 1131.  Particularly, the court noted that the Statute did not regulate any ERISA relationship, but only regulated the relationship between general contractors and subcontractors. Id. at 1131. Now, post-SB223, the Statute would

4

require notices to be sent and received by the Trustees, notices which were previously not required, creating new duties and relationships between the contractors and the ERISA fiduciaries.

Next, even if SB223 did not expressly refer to employee benefit plans it has a "connection with" such plans that exceeds "indirect economic effects" as just demonstrated. See NY State Conf. of Blue Cross & Blue Shield v. Travelers Ins. Co., 514 U.S. 645 (1995).

The Ninth Circuit analyzes the following four factors to determine whether a state law has a connection with a plan:

>   (1) whether the state law regulates the type of benefits of ERISA employee welfare benefit plans;
>
>   (2) whether the state law requires the establishment of a separate employee benefit to comply with the law;
>
>   (3) whether the state law imposes reporting, disclosure, funding, or vesting requirements for ERISA plans; and
>
>   (4) whether the state law regulates certain ERISA relationships, including the relationships between and ERISA plan and employer and, to the extent, an employee benefit plan is involved, between the employer and employee.

McBride v. PLM Int'l, Inc., 179 F.3d 737, 745 (9th Cir. 1999). Here, while the first two factors counsel against finding a connection, the last two factors clearly demonstrate a prohibited state law connection with an ERISA plan by attempting to impose reporting requirements on benefit plans and regulating relationships between ERISA plans and employers. Due to SB223's explicit reference to ERISA and its connection with ERISA, it is completely pre-empted under 29 U.S.C. § 1144.

B.  Severability

Nevada has expressed in NRS § 0.020(1) a preference in favor of severability. The doctrine obliges the judiciary to uphold the constitutionality of legislation where it is possible to strike only the invalid or, in this case, pre-empted provisions. See Sierra Pac. Power v. State Dep't of Tax., 338 P.3d 1244, 1247 (Nev. 2014)(citing Rogers v. Heller, 18 P.3d 1034, 1069 (Nev. 2001)). "But a preference is not a mandate, and not all statutory language is severable. Before language can be severed from a statute, a court must first determine whether the remainder of the statute, standing

5

alone, can be given legal effect, and whether preserving the remaining portion of the statute accords with legal intent." Sierra Pac. Power, 18 P.3d at 147 (citing Cnty. of Clark v. City of Las Vegas, 550 P.2d 779, 788-89 (Nev. 1976)). Viewing the text of SB223 in context, it is clear that complete pre-emption of the statute is necessary.

Notwithstanding the boilerplate severability provisions of NRS § 0.020, the Nevada Supreme Court has held in the absence of a severability clause in the statute itself, that the Legislature does not necessarily intend legislation to stand alone without the invalid parts. See Brewery Arts Ctr. v. Bd. of Examiners, 843 P.2d 369, 373 (Nev. 1992); Dunphy v. Sheehan, 549 P.2d 332, 337 (Nev. 1976); but see, Hernandez v. Bennett-Haron, 287 P.3d 305, 317 (Nev. 2012)(inclusion of severability clause in County ordinance meant that County Commissioners intended for remainder of sections amended to remain in effect if any other amended part was found unconstitutional). Senate Bill 223 contains no severability clause and this counsels against severability.

Even if the legislation contained such a clause, this Court would find that the severed portions are critical to the legal intent of the statute and the amendments were not intended to stand on their own without the clearly pre-empted portions of SB223. See Flamingo Paradise Gaming, LLC v. Chanos, 217 P.3d 546, 555-56 n.10 (Nev. 2009) (severability permits partial validation of a statute only if the non-offending portion "is grammatically, functionally and volitionally separable"). It is clear that Section 2(1) of SB 223, which shortens the limitations period, could stand alone. Its adoption was only seen as reasonable as part of a larger political process in which, in exchange for the shorter limitations period, Section 4 of SB223 amends NRS § 108.245 to require contractors participating in a health or welfare benefit plan to provide project-specific information to the plans. It is clear from the legislative history that all the amended sections adopted under SB223 were intended to work together, rather than independently. Therefore, the Court finds that the pre-empted portions of SB223 are not severable, making the entire bill pre-empted under ERISA.

///

///

6

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment (#2) is **GRANTED**;

IT IS FURTHER ORDERED that SB223 is **PRE-EMPTED by ERISA**;

IT IS FURTHER ORDERED that **JUDGMENT** for Plaintiffs and against Defendants be entered by the Clerk of the Court.

DATED this 10th day of March 2016.

_____
Kent J. Dawson
United States District Judge